EMPIRE STATE SURETY CO. OF NEW YORK v. PATTERSON et al.

(Supreme Court, Appellate Division, First Department.    June 28, 1912.)

1. INDEMNITY (§ 9*)—LIABILITY OF INDEMNITOR.
    A premium due on a city contractor's bond was not a liability for which one who undertook to save the bonding company harmless and indemnify it against all loss and damage by reason of the bond could be held by the bonding company.
    [Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 16, 17, Dec. Dig. § 9.*]

2. INDEMNITY (§ 9*)—LIABILITY OF INDEMNITOR—EXPENSE OF LITIGATION.
    Where a company which executed a city contractor's bond was neither a necessary nor a proper party to a mechanic's lien suit, an indemnitor of the bonding company against any loss under the bond was not liable for attorney's fees expended by the bonding company in defending such suit.
    [Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 16, 17; Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Action by the Empire State Surety Company of New York against Mary Patterson and another. From an order overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Pierre M. Brown, of New York City, for appellants.
Frederic H. Cowden, of New York City, for respondent.

MILLER, J. The plaintiff, a surety company, gave an undertaking to the city of New York, guaranteeing the performance by one James McFerran of a contract entered into between him and it whereby he was to construct an armory building. The defendant's testator gave the plaintiff an undertaking to save harmless and indemnify it "against all loss and damage whatever that might at any time thereafter happen or occur to the said plaintiff for or by reason of the suretyship of the said plaintiff upon the said bond." McFerran abandoned his contract, and thereafter a mechanic's lien suit was brought in which the city and the plaintiff were made defendants. It is not averred whether the city sustained any loss or made any claim against the plaintiff, but a stipulation is in the record to the effect that no claim was made and no loss was incurred by the city. The two causes of action attempted to be alleged are to recover: (1) The premium which McFerran agreed to pay on the plaintiff's bond to the city; and (2) the sum of $500 expended by the defendant for legal services in the defense of the mechanic's lien suit.

[1] The learned justice at Special Term held the first cause of action insufficient, and it is too obvious to require discussion that the premium due on the bond is not a loss or damage by reason of the suretyship thereon.

[2] Of course, if the plaintiff was by reason of its undertaking a necessary or even a proper party in the mechanic's lien suit, the expenses incurred by it in the employment of counsel would doubtless come within the terms of the bond in suit. But its undertaking was to the city of New York, not to the lien claimants, who could at best acquire nothing in that suit except what might be left from any retained percentages after deducting the expenses incurred by the city in completing the contract. For some reason, the plaintiff in the mechanic's lien suit made the surety company a party defendant; but it is not averred that any claim was asserted against it either by the lien claimants or by the city. The sum, therefore, voluntarily and unnecessarily expended by it, was not a loss or damage "by reason of its suretyship" within the contemplation of the parties to the contract, though doubtless it would not have incurred such expenses but for the suretyship.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to plaintiff to serve an amended complaint on payment of costs in this court and in the court below. All concur.